Melise R. Blakeslee  (MB-1615)
SEQUEL TECHNOLOGY & IP LAW, PLLC
1455 Pennsylvania Avenue, NW, Suite 400
Washington, DC  20004
Telephone:  202.470.4815, ext. 301
Facsimile:  202.470.4815
melise@sequeltechlaw.com

John D. Lovi (JL-5928)
STEPTOE & JOHNSON LLP
750 Seventh Avenue
New York, NY 10019
Telephone:  212.506.3910
Facsimile:  212.506.3950
jlovi@steptoe.com

*Attorneys for Defendant/Counterclaim-Plaintiff
Briefing.com, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOW JONES & COMPANY, INC.,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>        - against -<br><br>BRIEFING.COM, INC.,<br><br>    Defendant/Counterclaim-Plaintiff. | 10 Civ. 3321 (VM)<br><br><br>**ANSWER AND COUNTERCLAIM** |

For its answer to the allegations set forth in the Complaint, defendant Briefing.com, Inc. ("Briefing.com"), by and through its attorneys, specifically alleges as follows, based upon personal knowledge as to its own actions and intent, and upon information and belief as to the actions and intent of others:

1.      Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2.      Briefing.com's business model is founded on creating proprietary analysis.  The company tag line "Independent Live Market Analysis" highlights the essence of its business model – a rich compilation of original commentary, criticism, actionable trading ideas, research and explanations of the day's events and market activities.  Briefing.com's content is written by 30 analysts, including a PhD economist, certified financial analysts, and forecasters, among others.   Its analysts publish between 600-800 original articles and posts every business day.  Briefing.com is not a "news aggregator."  Briefing.com's business model is not based upon the taking of Dow Jones' content."  To the extent that Briefing.com occasionally quotes fragments of news articles or news headlines, such as those in dispute here, it is always a fair use in that it is limited (in amount and frequency) and appears within the larger context of Briefing.com's award-winning analysis.  Dow Jones' own publications hold Briefing.com in highest esteem:

- Briefing.com was the #1 site for market commentary in 2004.  *Barron's*, "The Best Websites Ver. 2004" (September 13, 2004) (*see* Exhibit 1 to the Answer);

- Briefing.com is an "Old Reliable" financial site with analysis that is "tough to beat."  *Barrons.com*, "Electronic Investor:  Old Reliables" (May 16, 2005) (*see* Exhibit 1 to the Answer);

- Briefing.com is a best site for "analysis of the equity and fixed-income markets."  *Barrons.com*, "Electronic Investor:  Read All About It" (June 28, 2004) (*see* Exhibit 1 to the Answer);

- Briefing.com's founder and chairman, Dick Green, was named a top market mover and placed on the annual "Power 30" list, a group which that year also included Federal Reserve System Board of Governors Chairman Alan Greenspan. *SmartMoney Magazine*, "Learn From the Best:  Greenspan and Our Power 30" (Nov. 2005, p. 65) (*see* Exhibit 1 to the Answer).

In fact, *Barron's* named Briefing.com as a top financial site nine different years overall.  In addition to these accolades, Dow Jones demonstrates its faith in Briefing.com's content by paying for the right to publish Briefing.com content on Dow Jones' *The Wall Street Journal* (Exhibit 2 to the Answer) and *SmartMoney* web sites.  It is simply disingenuous for Dow Jones now to allege that Briefing.com's product is a "cheaper" and "pirated product" somehow derived from another of Dow Jones' products – the *Dow Jones Newswire* ("DJN").  In a shocking example of the old adage "people who live in glass houses should not throw stones," DJN extensively reproduces, verbatim, Briefing.com's stock ratings change reports in the same way Dow Jones now claims is an offensive misappropriation of "hot news." (Exhibit 3 to the Answer.)  Briefing.com denies the remaining allegations set forth in Paragraph 2 of the Complaint as they apply to Briefing.com.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint as they apply to entities other than Briefing.com, and therefore also denies them in that respect.

3.     Briefing.com denies that Dow Jones brought this action to "preserve the strength and vitality of its news" – a mere telephone call to Briefing.com explaining its concerns would have achieved Dow Jones' objectives if it were truly interested in protecting its intellectual property.  Briefing.com prides itself in working with other content providers to ensure that each

is comfortable with the way quotes are used within the context of Briefing.com's commentary, research, and news analysis.  Briefing.com has been a partner with Dow Jones for twelve years, providing Briefing.com content to the Wall Street Journal online.  In all those years, Dow Jones has never complained about Briefing.com's fair use of small quotes of news.  Briefing.com denies that it is "free-riding" on DJN headlines.  Briefing.com has a long history of distinction that separates it from websites that might have attempted to free-ride on other companies' content.  In fact, upon receipt of Dow Jones' surprise complaint, in an abundance of caution, Briefing.com immediately ceased citing to any Dow Jones publication.  It is a measure of the insignificance of the Dow Jones citations that when Briefing.com ceased referencing DJN headlines, not a single Briefing.com subscriber cancelled a subscription and only a handful even noticed the minor change.  Briefing.com denies that it "devalues" Dow Jones news.
 Briefing.com avers that, to the contrary, it enhances those Dow Jones publications that publish Briefing.com content.  As to any other allegations in Paragraph 3, Briefing.com denies them.

     4.     Briefing.com admits that Dow Jones has purported to assert claims for (1) copyright infringement in violation of 17 U.S.C. §§ 101 and 501 *et seq.*; (2) improper removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*; (3) misappropriation of hot news; and (4) breach of contract or, alternatively, tortious interference with a contractual relationship.

     5.     Briefing.com admits that Dow Jones is a widely-known publisher of business news and information.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

6.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

7.     Briefing.com denies the allegations set forth in Paragraph 7 of the Complaint.

8.     Contrary to its allegations, Dow Jones was not "unaware" of how Briefing.com accessed Dow Jones news articles on the web.  Dow Jones had provided log-ins and passwords to Briefing.com analysts for them to access *The Wall Street Journal* and *Barron's* websites for the purpose of analysis and newsgathering.  In the days before the Complaint was filed, Dow Jones turned off the three complimentary subscription accounts it had given to Briefing.com analysts years ago.  No Briefing.com analysts who obtained the specific headlines and articles at issue have signed the Subscription Agreement (as defined in the Complaint).  Briefing.com denies the allegations in Paragraph 8 of the Complaint.

9.     Briefing.com admits that Dow Jones purports to seek injunctive relief, disgorgement of profits, and monetary damages for copyright infringement and declaratory relief and punitive damages for common law misappropriation.  Briefing.com denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11.     Briefing.com admits that it is a Delaware corporation with a principal place of business at 401 N. Michigan Avenue, Suite 2910, Chicago, Illinois 60611; that Briefing.com's website at www.briefing.com is regularly accessed by customers in New York State; and that

Briefing.com contracts with customers in New York to provide its products in New York. Briefing.com denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12.     Briefing.com admits the allegations set forth in Paragraph 12 of the Complaint.

13.     Briefing.com admits the allegations set forth in Paragraph 13 of the Complaint.

14.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies them.

15.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17.     Briefing.com admits that DJN "… appears on a subscriber's computer screen as a series of scrolling headlines in reverse chronological order …" and that, sometimes, these headlines stand alone or are linked to full articles.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 17 of the Complaint, and therefore denies them.

18.     Briefing.com admits that Dow Jones provides some "original, creative expression and creative selection and arrangement of newsworthy facts."  To the extent that Dow Jones alleges that its headlines are the product of creative reporting or that they are original, Briefing.com denies such allegations in view of the fact that most of the disputed headlines were derived from third-party press releases – many of which were hours old or over a day old by the

time Dow Jones published them.   Briefing.com admits that Dow Jones also publishes licensed content created by other companies, including Briefing.com.  As to all other allegations in Paragraph 18 of the Complaint, Briefing.com lacks information or knowledge sufficient to form a belief as to their truth or falsity, and therefore denies them.

19.     Briefing.com denies that the disputed DJN headlines are "breaking news" as, on information and belief, many are derived from the newsmakers' own press releases, which are publically available.  Briefing.com avers that there is an inherent delay in Dow Jones' reporting caused by its reliance on common press releases instead of a Dow Jones journalist who "breaks a news story," as claimed in the Complaint.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 19 of the Complaint, and therefore denies them.

20.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies them.

21.     Briefing.com admits the first sentence of Paragraph 21 of the Complaint but lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 21 of the Complaint, and therefore denies them.

22.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies them.

23.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies them.

24.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies them.

25.     Briefing.com admits the allegations set forth in Paragraph 25 of the Complaint.

26.     Briefing.com admits the allegations set forth in Paragraph 26 of the Complaint.

27.     Briefing.com denies that DJN provides the same benefits as Briefing.com.  DJN reports the news; Briefing.com analyzes the news and explains to its readers why certain news events are important to the financial markets.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the last sentence of Paragraph 27 of the Complaint, and therefore denies them.  Briefing.com admits the remaining allegations set forth in Paragraph 27 of the Complaint.

28.     Briefing.com admits the allegations set forth in Paragraph 28 of the Complaint.

29.     Briefing.com's products are *not* offered to customers "at prices significantly lower than the prices at which Dow Jones offers DJN services."  Dow Jones is trying to confuse the issue of pricing by muddling together its various products under the abbreviation "DJN."  Dow Jones publishes the *Wall Street Journal*, a newspaper, *Barron's*, a news magazine, and DJN, a news wire.  Briefing.com's products are significantly more expensive than an online subscription to the *Wall Street Journal* and *Barron's*, while Briefing.com's non-entry level subscriptions are more expensive than a subscription to DJN.  Therefore, Briefing.com denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 30 of the

Complaint, and therefore denies them.  Briefing.com admits the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Briefing.com admits that it has attended the occasional trade show.  Briefing.com denies that it advertises on television or in trade publications.  Briefing.com has insufficient knowledge as to Dow Jones' advertising practices to form a belief as to the truth or falsity of the allegations regarding them, as set forth in Paragraph 31 of the Complaint, and therefore denies them.  Briefing.com denies all other allegations set forth in Paragraph 31 of the Complaint.

32.     Briefing.com has properly attributed to Dow Jones publications certain excerpts of the Copyrighted Works (as defined in the Complaint), but these excerpts have been insignificant compared to the entirety of the Copyrighted Works; hence, Briefing.com denies that it copied verbatim, or nearly verbatim, substantial portions of the Copyrighted Works. Briefing.com avers that this practice is entirely consistent with the practices and policies of Dow Jones' own publications, such as the "Voices" section of *The Wall Street Journal's* "All Things Digital" website and the "Secondary Sources" section of *The Wall Street Journal's* "Real Time Economics" blog, both of which reproduce substantial portions of third-party blogs and articles without a license.  It is also consistent with the manner in which Dow Jones uses other companies' content on DJN.  As to Dow Jones headlines, Briefing.com occasionally cites a headline from DJN in the same manner that DJN cites (without a license) to Briefing.com stock ratings change reports.  (Exhibit 3 of the Answer.)  Briefing.com denies all other allegations set forth in Paragraph 32 of the Complaint.

33.     Briefing.com denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Briefing.com denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 35 of the Complaint, and therefore denies them.  Briefing.com admits that Dow Jones published the content recited in the first column of the chart, but denies that such content was first published on DJN.  Indeed, as can be seen in each article's heading, the source of many of these articles is clearly shown as either "WSJ" (which refers to *The Wall Street Journal* website) or "Barron's" (which refers to the *Barron's* website).  Briefing.com has insufficient knowledge of whether the disputed news articles marked "WSJ" or "Barron's" ever appeared on DJN to form a belief as to the truth or falsity of that allegation in Paragraph 35 of the Complaint, and therefore denies it.  Briefing.com also denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36.     Briefing.com denies the allegations set forth in Paragraph 36 of the Complaint. Briefing.com avers that the news articles referred to in the chart in Paragraph 36 speak for themselves.

37.      Briefing.com denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 regarding the information in the first column of the table in Exhibit D of the Complaint, under the heading "Dow Jones Newswire," and therefore denies them.  Briefing.com denies the remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies them.

40.     Briefing.com denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Briefing.com denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Briefing.com admits that Briefing.com content is available through Bloomberg and FactSet and other licensing partners.  Briefing.com denies that it "… competes directly with DJN for subscriptions by end users and for licensing arrangements with information vendors." Briefing.com's product is characterized by its valuable analysis of the markets; whereas, DJN merely reports the news.  They are complementary products.  The pages of *The Wall Street Journal* online prove the point – Dow Jones has chosen to run Briefing.com content on *The Wall Street Journal* website every business day for the last 12 years.  In fact, Briefing.com avers that its product is so value-enhancing that Dow Jones is reproducing the content without a license on at least DJN.  Dow Jones is also archiving Briefing.com content for the benefit of DJN subscribers without a license to do so.  Briefing.com avers that it is simply not credible that Dow Jones would so prominently promote Briefing.com's content if Briefing.com was the direct competitor portrayed in the Complaint.  Briefing.com denies the remaining allegations set forth in Paragraph 42 of the Complaint.

43.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 43 of the Complaint, namely, "The DJN and Briefing.com products are marketed and sold to some of the same customer base," and therefore Briefing.com denies them.  Briefing.com denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.     Briefing.com incorporates herein by reference its responses to each and every allegation of Paragraphs 1 through 37 of the Complaint, as if set forth fully herein.

45.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies them.

46.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies them.

47.     Briefing.com denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Briefing.com denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Briefing.com denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Briefing.com denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Briefing.com denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Briefing.com incorporates herein by reference its responses to each and every allegation of Paragraphs 1 through 37 of the Complaint, as if set forth fully herein.

53.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that Dow Jones in all instances places copyright notices near stand-alone headlines, and therefore denies it.  Briefing.com avers that if this allegation is true, Dow Jones' practice is deceptive in that it implies headlines are protected by copyright.  Dow Jones' practice is also deceptive in so far as it uses a copyright notice near headlines that Dow Jones has copied from Briefing.com, Reuters, and Bloomberg, among others.  To the extent that Dow Jones is implying that the headlines are protected by copyright, then Briefing.com denies such an allegation.  Briefing.com denies the remaining allegations set forth in Paragraph 53 of the Complaint.

54.     Briefing.com denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Briefing.com denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Briefing.com denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Briefing.com denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Briefing.com denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Briefing.com denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Briefing.com incorporates herein by reference its responses to each and every allegation of Paragraphs 1 through 43 of the Complaint, as if set forth fully herein.

61.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 61 of the Complaint, and therefore denies them.

62.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62 of the Complaint, and therefore denies them.

63.     Briefing.com denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Briefing.com denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Briefing.com denies the allegations set forth in Paragraph 65 of the Complaint.

66.     Briefing.com denies the allegations set forth in Paragraph 66 of the Complaint.

67.     Briefing.com denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Briefing.com denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Briefing.com denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Briefing.com denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Briefing.com incorporates herein by reference its responses to each and every allegation of Paragraphs 1 through 43 of the Complaint, as if set forth fully herein.

72.     Briefing.com denies that Dow Jones is "unaware" of how Briefing.com acquires access to *The Wall Street Journal* and *Barron's*.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 72 of the Complaint, and therefore denies them.

73.     Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 73 of the Complaint, and therefore denies them.

74.     Briefing.com denies the allegations set forth in Paragraph 74 of the Complaint.

75.     To the extent that Dow Jones implies that the specific articles and headlines at issue were obtained by Briefing.com analysts who signed the Subscription Agreement, then Briefing.com denies such an allegation.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 75 of the Complaint, and therefore denies them.

76.     To the extent that Dow Jones implies that the specific articles and headlines at issue were obtained by Briefing.com analysts who signed the Subscription Agreement, then Briefing.com denies such an allegation.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 76 of the Complaint, and therefore denies them.

77.     To the extent that Dow Jones implies that the specific articles and headlines at issue were obtained by Briefing.com analysts who signed the Subscription Agreement, then Briefing.com denies such an allegation.  Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 77 of the Complaint, and therefore denies them.

78.      Briefing.com lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 78 of the Complaint, and therefore denies them.

79.      Briefing.com denies the allegations set forth in Paragraph 79 of the Complaint.

80.      Briefing.com denies the allegations set forth in Paragraph 80 of the Complaint.

81.      Briefing.com denies the allegations set forth in Paragraph 81 of the Complaint.

82.      Briefing.com denies the allegations set forth in Paragraph 82 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.  Unlike Briefing.com's product, which is a rich compilation of the thoughts of 30 financial analysts who express strong points of view about the financial markets, the particular articles in dispute are mere news reports. The facts of the news are not protected by copyright, *per se.*  The expression of the news is, therefore, subject to a wider range of fair use by others.  Indeed, in the world of securities trading, public policy suggests that a wide distribution of such news should be encouraged as much as possible to insure an even playing field and to avoid the problems caused by insider trading.

On information and belief, Dow Jones derived many, if not all, of the disputed articles from third-party press releases.  Thus, to the extent that portions of Dow Jones' articles are copied directly from this third-party content, or are otherwise substantially similar to the third-party content, Dow Jones may not claim copyright protection in those portions.  In fact, the certificates of copyright registration attached to the Complaint as Exhibit B specifically disclaim any right to "material authored by third parties."

Once the facts and third-party expression are filtered from out of the particular disputed news articles, very little remains that is protected by copyright.

To the extent that Briefing.com attributed and excerpted any of Dow Jones' Copyrighted Works, it published only an insubstantial portion of the Copyrighted Works.

To the extent that Briefing.com attributed and excerpted any of Dow Jones' Copyrighted Works, it published only an insubstantial portion of those elements in the Copyrighted Works that remain after the facts and third-party expression are filtered out.

Briefing.com's rich product is a daily collage of analysis, commentary, criticism and news reporting. It is a mix of well-respected and lively commentary, market analysis and trading calls. Briefing.com publishes, on average, between 600-800 of its own original articles and posts a day. The entirety of Briefing.com's content for February 3, 2010, one of the days at issue in the Complaint, is attached as Exhibit 4. Briefing.com quoted and attributed small excerpts from the Copyrighted Works as part of its daily collage – but did so on a very infrequent basis and in keeping with industry standards of quoting the works of others. (Indeed, based upon information and belief, Briefing.com's practices are consistent with the published practices of several Dow Jones publications. (*See*, *e.g.*, Exhibit 5.)) Briefing.com's attribution and use of excerpts from the Copyrighted Works was transformative, in that the uses were part of a much larger daily conversation about the financial markets and information related to those markets.

In an abundance of caution, Briefing.com ceased referring to or quoting from any Dow Jones content after the receipt of this surprise lawsuit. Not a single Briefing.com subscriber has cancelled an account as a result. This is a measure of the insignificance of Dow Jones content as it was used in Briefing.com products. Briefing.com's uses of the disputed excerpts did not serve as a substitute for the Copyrighted Works. Indeed, on information and belief, most Briefing.com

subscribers also subscribe to one or more Dow Jones products.  Dow Jones has demonstrated its recognition that Briefing.com's products are not a substitute for Dow Jones' products by its willingness to carry various Briefing.com content on its websites for the last twelve years.  They are complementary products.  In fact, Briefing.com has always believed that it drives traffic to Dow Jones publications when Briefing.com cites to a Dow Jones story.

Any inclusion of excerpts from the Copyrighted Works in Briefing.com's products constitutes a fair use under 17 U.S.C. § 107 because such excerpts constitute an insignificant amount of the whole; Dow Jones' copyright in the works is thin because the works consist primarily of facts and, on information and belief, include content copied from third parties; the use was transformative; and the use does not damage the market for the Copyrighted Works or serve as a substitute for them.

Because any use Briefing.com made of Dow Jones' Copyrighted Works was fair, Briefing.com is not liable for copyright infringement.

Because any use Briefing.com made of Dow Jones' Copyrighted Works was fair, it had no reason to believe that its acts might constitute a violation of 17 U.S.C. Section 1202(b); and hence Dow Jones is not entitled to any damages for any violations with respect to  the integrity of copyright management information.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.  For example, DJN reproduces, without authorization, Briefing.com's stock ratings change reports in the same way Dow Jones alleges Briefing.com violates Dow Jones' copyrights.  (Exhibit 3 to the Answer.)  This is an unlicensed and unauthorized use of Briefing.com's content.

In addition, Dow Jones' *Barron's* website frequently quotes a substantial portion of Briefing.com content – sometimes just minutes after the information is posted on Briefing.com's IN PLAY®.  These quotes often represent a substantial portion of Briefing.com's underlying content that go to the heart of Briefing.com's work.  (Exhibit 6 to the Answer.)

### THIRD AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.  On information and belief, Dow Jones has been aware continuously over the past five years of the manner in which Briefing.com occasionally quoted Dow Jones content.  Nearly three dozen Dow Jones employees – including, on information and belief, editorial staff – have had subscriptions to Briefing.com's products, in which the excerpts and headlines appear.  A number of these accounts were provided to Dow Jones as complimentary access to Briefing.com.  *The Wall Street Journal* was among the first to carry licensed Briefing.com content on its website; and on information and belief, Briefing.com provided some of the first outside content Dow Jones included on *The Wall Street Journal* website.  Briefing.com and Dow Jones have had a business relationship for 12 years.

In all the years of their business relationship, Dow Jones did not complain nor even suggest that Briefing.com cease its manner of occasionally quoting from Dow Jones products.  The Complaint was the first notice that Briefing.com received.  Dow Jones' delay in objecting to Briefing.com's quoting of Dow Jones' content, despite its knowledge of said use, is not excusable.  Dow Jones' delay in asserting its rights has prejudiced Briefing.com.

### FOURTH AFFIRMATIVE DEFENSE
**(Preemption of Hot News Misappropriation Claim)**

Dow Jones' claim of hot news misappropriation is preempted under 17 U.S.C. § 301(a).

Dow Jones has based its claims on Briefing.com's use of excerpts from Dow Jones' news articles and headlines.  Whether or not all of these works are eligible for copyright protection, they all "come within the general scope of copyright."

Dow Jones objects to Briefing.com's copying and redistribution of Dow Jones' content. These claims are equivalent to exclusive rights within the general scope of copyright as specified in 17 U.S.C. § 106.

In order to survive preemption by the Copyright Act, a misappropriation claim must contain "extra elements" that distinguish it from a copyright infringement claim.  For a claim of "hot news" misappropriation, Dow Jones must allege, *inter alia*, that the allegedly misappropriated material had value because it was "time sensitive."  However, Dow Jones has not alleged that the specific Copyrighted Works and headlines Dow Jones claims Briefing.com misappropriated were in fact "time sensitive" or "hot news."

On information and belief, the articles and headlines in dispute are not gathered through substantial effort nor significant cost.  They are derived from press releases and public announcements made by others.  Dow Jones reporters did not "break" these news story as a general matter.

The articles and headlines in dispute are not time sensitive.  Many simply report the contents of news releases and other public announcements made by third parties, such as press releases from U.S. senators, the New York attorney general, or the governments of Germany and France.  There is a delay inherent in Dow Jones' own reporting of these items.  Indeed, many were reported over an hour or as much as a day after the original press release.  Further, many of the disputed headlines are reporting news that does not possess the type of "time sensitive" nature that is protected under the hot news doctrine.  For example, among the disputed headlines

is one that merely reports the results of a survey taken by the Federal Reserve: "Fed Survey: Banks Report Little Change in C&I Loan Standards in 4Q." This is not hot news. As another example, "NY attorney general to discuss banking fees in 2 PM EST call" is not hot news and certainly is the type of news that should be disseminated as widely as possible. A close review of the disputed headlines reveals that all of the headlines are of a similar nature.

Dow Jones and Briefing.com are not competitors.

As Dow Jones has not alleged the necessary "extra elements" of preemption with respect to the specific articles and headlines relied on in the Complaint, Dow Jones' hot news misappropriation claim is preempted by the Copyright Act.

### FIFTH AFFIRMATIVE DEFENSE
**(First Amendment)**

The injunctive relief sought by Dow Jones would result in a violation of Briefing.com's right of free speech and free press under the First Amendment of the Constitution of the United States.

### RESERVATION OF OTHER AFFIRMATIVE DEFENSES

83.     Briefing.com reserves the right to assert additional affirmative defenses as evidence of those defenses becomes available in discovery.

### COUNTERCLAIMS

### COUNT I
**(Breach of Contract)**

1.     Dow Jones and Briefing.com (formerly known as Charter Media, Inc.) entered into a content license agreement on June 19, 1998 (the "Content License"). The Content License was amended effective June 19, 2008 and again effective June 19, 2009.

2.      Under the Content License as amended, Dow Jones is entitled to use, reproduce, display, download and distribute Briefing.com's Upgrades/Downgrades product (the "Licensed Content"), *solely* on the Uniform Resource Locator ("URL") http://wsj.com or its subdomains. Dow Jones is not permitted to make the Licensed Content available elsewhere on the web without Briefing.com's written consent.  Nor is Dow Jones permitted to retain the Licensed Content past the day on which it is delivered without Briefing.com's written consent.

3.      Contrary to the terms of the Content License, Dow Jones is making the Licensed Content available through DJN.  In addition, Dow Jones is archiving the licensed content on DJN.  (Exhibit 3.)  Dow Jones has not requested and Briefing.com has not granted its consent for such uses.

4.      The Content License is a valid and enforceable contract under the laws of the State of California, the law governing the Content License.  The consideration set forth in the Content License was fair and reasonable.  Briefing.com has performed all conditions, covenants, and promises required on its part in accordance with the terms and conditions of the Content License.

5.      By entering into the Content License, Dow Jones agreed, *inter alia*, not to make the licensed content available through any other URL's nor to archive the content without Briefing.com's written consent.

6.      By making the Licensed Content available on DJN and archiving it without Briefing.com's consent, Dow Jones has breached the terms of the Content License.

7.       Dow Jones' breach of the Content License has caused and continues to cause significant damage to Briefing.com, not all of which is readily calculable.  Dow Jones' breach of the Content License is willful.

8.      Briefing.com is entitled to recover its damages from Dow Jones resulting from Dow Jones' breach of the Content License.

9.      Briefing.com is entitled to injunctive relief to prevent Dow Jones from continuing to breach the Content License.

## COUNT II
### (False Designation of Origin Pursuant to § 43(a) of the Lanham Act)

10.     Dow Jones places its copyright notice on the stock ratings change reports it has taken from Briefing.com.

11.     By applying a copyright notice identifying Dow Jones as the author and source of Briefing.com's content, Dow Jones is falsely designating Briefing.com's content as its own.

12.     Dow Jones' false designation of Briefing.com's content as its own is likely to cause consumer confusion and mistake regarding the source of Briefing.com's content, the relationship between Dow Jones and Briefing.com, and whether Briefing.com sponsors or endorses Dow Jones' products, in violation of 15 U.S.C. § 1125(a)(1)(A).

13.     Briefing.com is entitled to injunctive relief to prevent Dow Jones from continuing to falsely designate Briefing.com's content as its own.

14.     Briefing.com is entitled to recover from Dow Jones Briefing.com's damages and Dow Jones' profits resulting from Dow Jones' false designation of Briefing.com's content as its own.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Briefing.com, Inc. demands a trial by jury of all issues triable thereby.

**WHEREFORE,** Briefing.com prays that judgment on Plaintiff's claims be denied and that Plaintiff takes nothing therefrom; and that Briefing.com be granted the following relief:

A.      Judgment in favor of Briefing.com on its counterclaims;

B.      Equitable relief, including:

        (i)     an order permanently enjoining Dow Jones from committing any further breaches of the Content License; and

        (ii)    an order permanently enjoining Dow Jones from:  (a) attaching to any Briefing.com content a copyright notice or any other words, phrases, terms, marks, symbols, designs or logos that identify Dow Jones or any of its subsidiaries or affiliates as the author or source of Briefing.com's content; or (b) taking any other action that is likely to cause confusion regarding the source of Briefing.com's content, the relationship between Briefing.com and Dow Jones, or whether Briefing.com sponsors or endorses Dow Jones' products;

C.      Monetary damages, including:

        (i)     Briefing.com's actual compensatory damages with respect each of its counterclaims in an amount to be determined at trial;

        (ii)    Dow Jones' profits attributable to its unlawful conduct on each of Briefing.com's counterclaims to the extent not taken into account by Briefing.com's actual compensatory damages;

        (iii)   punitive damages for Dow Jones' unlawful and willful breach of the Content License; and

        (iv)    the costs of this action, including reasonable attorneys fees; and

D.      Such other and further relief as the Court may deem just and proper.

Dated:  May 11, 2010

                                        Respectfully submitted,

                                        _____

                                        Melise R. Blakeslee (MB-1615)
                                        SEQUEL TECHNOLOGY & IP LAW, PLLC
                                        1455 Pennsylvania Avenue, NW, Suite 400
                                        Washington, DC  20004
                                        Telephone:  202.470.4815, ext. 301
                                        Facsimile:  202.470.4815
                                        melise@sequeltechlaw.com

                                                - and -

- 23 -

John D. Lovi (JL-5928)
STEPTOE & JOHNSON LLP
750 Seventh Avenue
New York, NY 10019
Telephone:  212.506.3910
Facsimile:  212.506.3950
jlovi@steptoe.com

*Attorneys for Defendant/Counterclaim-Plaintiff Briefing.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses, and I certify that the foregoing will also be hand-delivered to the following attorneys at their addresses listed below:

*/s/ John D. Lovi*
John D. Lovi

Alicia A. Tallbe
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(914) 474-9560
Fax: (212) 336-2222
Email: atallbe@pbwt.com

Robert P. LoBue
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(914) 474-9560
Fax: (212) 336-2222
Email: rplobue@pbwt.com