```
USDS SDNY
DOCUMENT  Marrero, J
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
DOW JONES & COMPANY, INC., :
                                          :
                    Plaintiff,   :    10 Civ. 3321 (VM)
                                          :
        - against -                   :    **CONFIDENTIALITY**
                                          :    **STIPULATION AND PROTECTIVE**
BRIEFING.COM, INC.,            :    **ORDER**
                                          :
                    Defendant.   :
                                          :
                                          :
------------------------------------------------------------x

       In this action, Plaintiff Dow Jones & Company, Inc. and Defendant Briefing.com, Inc. (each individually a "Party" or collectively the "Parties") contemplate that each shall seek and produce documents, testimony, information, or other materials that contain or relate to confidential, competitive, proprietary, or trade-secret information of or held by a Party or others (collectively, "Confidential Materials"), and that other parties (together with the Parties, "Producing Parties") may also produce such Confidential Materials. Therefore, in order to (i) expedite the flow of discovery, (ii) establish a mechanism to protect the disclosure of Confidential Materials, (iii) avoid disputes relating to the disclosure of Confidential Materials or facilitate the prompt resolution thereof, and (iv) establish a mechanism to protect from disclosure, and to govern the treatment and preserve the privileged or protected status of inadvertently produced, privileged, and/or work-product-protected materials ("Privileged Materials"),

       IT IS HEREBY ORDERED:

       1.   **Scope:**  This Order shall apply to all information and documents provided by Producing Parties, either voluntarily or pursuant to a discovery request, in the course of this

4152004v.1

action, whether written, electronic, oral, or visual, and whether contained in documents, transcripts, or otherwise. The protections, rights, and obligations afforded or required by this Order shall apply equally to all Producing Parties' production of Confidential Materials.

2. **Designation of Confidential Materials:**

    a. A Producing Party may, subject to the provisions of this Order, designate as CONFIDENTIAL any Confidential Materials (including any portion thereof and any summaries, abstracts, or other information derived therefrom) the Producing Party in good faith considers are entitled to that designation.

    b. To designate documents CONFIDENTIAL, the Producing Party shall stamp such documents with a "CONFIDENTIAL" marking. To the extent marking is impossible or impractical (such as with documents produced in native electronic form), the Producing Party shall designate in writing the information or material it regards as CONFIDENTIAL at the time of its production.

    c. To designate testimony given at a deposition as CONFIDENTIAL, a Party may make a statement to that effect on the record during the deposition. A Producing Party who is not also a Party also may designate such transcript or recording or portion thereof as CONFIDENTIAL by notifying Plaintiff and Defendant, in writing within 30 days of receipt of such transcript or recording, of the specific pages and lines of the transcript or recording that should be treated as CONFIDENTIAL. A Producing Party who is not also a Party may only designate exhibits from depositions as CONFIDENTIAL if those exhibits are owned or were produced by that Producing Party and are otherwise entitled to such a designation pursuant to this or another court order. Nothing herein shall be construed as granting to a Producing Party who is not also a Party the right to designate as CONFIDENTIAL documents or information that

is owned or was produced by Plaintiff, Defendant, or another Producing Party who is not a Party. During this 30-day period, all transcripts, recordings, and exhibits from depositions that were not otherwise designated CONFIDENTIAL during the deposition shall be treated as CONFIDENTIAL under the terms of this Order.

        d.     To designate information contained in a response to interrogatories or requests for admission as CONFIDENTIAL, the responding Party shall (i) include a statement at the conclusion of such response specifying the answers or parts thereof deemed CONFIDENTIAL and (ii) placing on the first page of any such response and on each succeeding page containing information designated as CONFIDENTIAL a stamp with a "CONFIDENTIAL" marking, as appropriate.

        e.     Confidential Materials shall not include any documents, testimony, information, or other materials that: (i) have been or become lawfully in the possession of any Party through communications other than in production in this action unless such information or documents are covered by separate non-disclosure or confidentiality obligations, in which case the Parties may continue to use such information or documents in the course of their respective businesses subject to those separate obligations; or (ii) have been or become part of the public domain by publication or otherwise, and not due to any unauthorized act or omission on the part of any Party hereto or any of its authorized representatives or designees under this Order.

        f.     The Parties recognize that there may exist a limited subset of documents or information for which the Producing Party may want to seek a higher level of protection than that provided by the CONFIDENTIAL designation. In such a case, the Parties may agree to assign a higher level of protection to that document or information, or the Producing Party may make an application to the Court for such relief. Such application will not

be prejudiced by the fact that this Protective Order does not already contain a second level of protection.

3. **Failure to Designate Confidential:** The inadvertent failure to designate Confidential Materials as CONFIDENTIAL at the time of production shall not be deemed a waiver of the Producing Party's right to so designate the material, and may be remedied by supplemental written notice. If such notice is given, all material so designated shall be subject to this Order as if it had been designated as CONFIDENTIAL at initial production except that no Party shall be penalized for disclosure or use of such material inconsistent with the terms of this Order prior to the confidentiality designation. After a designation is made in accordance with this paragraph, the Producing Party shall re-produce the Confidential Materials with a CONFIDENTIAL mark, and all previously produced copies shall be destroyed.

4. **Use of Confidential Materials:**

a. Material designated as CONFIDENTIAL may be disclosed only to (i) the Parties' counsel; (ii) the Parties' employees to the extent necessary and for the sole purpose of furthering this litigation; (iii) experts and consultants retained by the Parties or their counsel in connection with this action; (iv) the Court, Court personnel, and court reporters employed in this action; and (v) outside vendors, such as copy services, computer services, or litigation-support services, to the extent necessary for the prosecution or defense of this action or compliance with a subpoena served in this action.

b. Confidential Materials shall not be disclosed to any expert or consultant described in sub-paragraph 4(a)(iii) until such person has been shown a copy of this Order and has first agreed in writing to be bound by its terms by executing the Non-Disclosure Agreement attached hereto as Exhibit A.

        c.     If a Party wishes to submit Confidential Materials to the Court, that Party shall, unless directed by the Court to do otherwise, submit such Confidential Materials under seal by filing it in a sealed envelope or other appropriate sealed container, which envelope or container shall be marked "CONFIDENTIAL MATERIALS FILED UNDER SEAL."

        d.     Any summary, compilation, notes, excerpt, copy, electronic image, or database containing Confidential Materials shall be subject to the terms of this Order to the same extent as the material from which such summary, compilation, notes, excerpt, copy, electronic image, or database is made or derived.

        e.     Confidential Materials may be used to examine or cross-examine any witness at any hearing, deposition, or trial of this action. Each Party shall have the right to request the Court to exclude or sequester any person (other than attorneys and other persons who have agreed to be bound by the terms of this Order) during the disclosure of any Confidential Materials.

        f.     Any person in possession of Confidential Materials who receives a subpoena or other process in another action or proceeding seeking production or other disclosure of another Party's Confidential Materials shall promptly give telephonic notice and written notice by overnight delivery, facsimile or e-mail to counsel for the designating Party, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the later of (i) 10 days following the date on which notice is given, or (ii) the return date of the subpoena, unless otherwise required by applicable law or by court order.

        g.     Confidential Materials that are used in this action or any appeal therefrom shall not lose their status as Confidential Materials through such use, and the Party

5

using said information shall take all steps necessary to protect its confidentiality during such use, including, but not limited to, requesting the Court to review such information *in camera.*

    h.  The attorneys of record in this action are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of, and distribution of copies of Confidential Materials.

    5.  **Unauthorized Use:** If Confidential Materials are disclosed to or come into the possession of any person other than in a manner authorized in this Order, the person or Party responsible for the disclosure shall immediately inform all other persons and Parties in possession of such Confidential Materials of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received the Confidential Materials.

    6.  **Inadvertent Disclosures:**

    a.  The inadvertent production or disclosure of Privileged Materials protected by the attorney-client privilege, the work-product doctrine, a joint-defense privilege, or any other applicable privilege, immunity, or protective doctrine (collectively, "Privilege") shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of such Privilege.

    b.  In the event the Producing Party discovers an inadvertent production or disclosure of Privileged Materials or of any documents, testimony, material or other information that is not relevant to this action, the Producing Party may provide written notice that such materials have been inadvertently produced or disclosed. Within 7 days of receipt of such notice, any person that has received such materials shall return to the Producing

6

4152004v.1

Party or destroy all such material and copies thereof in its possession and shall make reasonable efforts to reclaim and return or destroy all such material disclosed to any other person.

      c.      Any Party receiving materials that, on their face, appear to be covered by a Privilege shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to designate the materials as inadvertently produced Privileged Materials and subject to the claw-back provision of this Order.

      7.      **No Limitation of Rights:**

      a.      Nothing herein shall prevent any Party from seeking further or greater protection from the Court with respect to the use of any Confidential Materials in connection with this action.

      b.      Nothing herein shall be construed to affect the admissibility into evidence of any documents, testimony, information, or other materials.

      c.      Nothing herein shall be construed to limit any Party's use of its own Confidential Materials.

      d.      Nothing herein shall be construed as preventing any Party from objecting in writing to any "CONFIDENTIAL" designation. A written objection shall set forth in reasonable detail the reasons the objecting Party believes such designation to be improper based on the information available to it at the time. The Producing Party shall have five business days to respond to any objection, unless otherwise agreed by the Parties. Upon receipt of any such objection, the Producing Party and the objecting Party shall attempt in good faith to resolve any disagreement concerning the designation. In the event that an informal resolution is not reached, the objecting Party may seek appropriate relief from the Court. The Producing Party bears the burden of showing that the "CONFIDENTIAL" designation is warranted.

Notwithstanding any challenge to a designation, the designation shall remain in full force and effect pursuant to the terms of this Protective Order until such time as the objection has been resolved by agreement or by the Court.

8. **Destruction of Confidential Materials:** All Confidential Materials and copies thereof (other than copies of documents filed with the Court and work-product-protected materials) shall be destroyed or returned to the Producing Parties within 90 days of a final adjudication or other termination of this action, including any appeals. Notwithstanding the foregoing or anything to the contrary contained herein, neither the parties nor their counsel shall be required to search for electronic copies of Confidential Information that may have been automatically generated on a server or other electronic back up system as an automatic backup of that party or counsel's computer system.

9. **Survival:** This Order shall continue in effect after termination of this action and continue to be binding on all persons to whom Confidential Materials were or are provided.

8

4152004v.1

Dated:    New York, New York
             August 19, 2010

| | |
|---|---|
| **PATTERSON BELKNAP WEBB & TYLER** LLP<br>Attorneys for Plaintiff Dow Jones & Company, Inc. | **SEQUEL TECHNOLOGY & IP LAW, PLLC**<br>Attorneys for Defendant Briefing.com, Inc. |
| By: /s/ Robert P. LoBue<br>    Robert P. LoBue (RL-2284)<br>1133 Avenue of the Americas<br>New York, New York 10036-6710<br>Telephone: (212) 336-2000<br>Fax: (212) 336-2222 | By: /s/ Melise R. Blakeslee<br>    Melise R. Blakeslee (MB-1615)<br>1455 Pennsylvania Avenue, Suite 400<br>Washington, DC 20004<br>(202) 470-4815<br>Fax: (202) 470-4815 |
| | **STEPTOE & JOHNSON LLP**<br>Attorneys for Defendant Briefing.com, Inc. |
| | By: /s/ John D. Lovi<br>    John D. Lovi (JL-5928)<br>750 Seventh Avenue<br>New York, New York 10019<br>(212) 506-3910<br>Fax: (212) 506-3950 |

So Ordered: 20 August 2010

*[signature]*

Honorable Victor Marrero
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x
                                        :
DOW JONES & COMPANY, INC.,        :
                                        : 10 Civ. 3321 (VM)
                    Plaintiff,      :
                                        :
           - against -                   :
                                        :
BRIEFING.COM, INC.,                    :
                                        :
                    Defendant.     :
                                        :
——————————————————— X

**<u>Non-Disclosure Agreement</u>**

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as CONFIDENTIAL. I agree that I will not disclose such Confidential Materials to anyone other than my staff and other than for purposes of this action and as permitted under the Protective Order and that at the conclusion of the action I will return all discovery information to the Party or attorney from whom I received it. I will instruct my staff not to disclose such Confidential Materials. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
               Date

                                               _____
                                                         Signature

                                              _____
                                              _____
                                            Job Title and Business Address

4152004v.1